Aghasi ALEKSANYAN, Petitioner,

v.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 05–74147.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Jan. 18, 2008.

Reynold E. Finnegan, Esq., Finnegan & Diba a Law Corporation, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., John D. Williams, Esq., Harold M. Sklar, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Aghasi Aleksanyan, an Armenian national, petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for asylum, withholding of deportation, and protection under the Convention Against Torture.[1] We grant the petition and remand.

We have jurisdiction under 8 U.S.C. § 1252. Due process challenges to immigration decisions are subject to de novo review. *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

Aleksanyan's Fifth Amendment due process violation claim was completely ignored by the BIA. "When a petitioner raises a claim based on a purported procedural defect of the proceedings before the IJ, the *only* administrative entity capable of independently addressing that claim is the BIA." *Montes–Lopez v. Gonzales,* 486 F.3d 1163, 1165 (9th Cir.2007) (emphasis in original). The BIA erred by failing to consider and decide the claim that the IJ's proceedings were procedurally infirm. *See id.*

**PETITION GRANTED AND REMANDED.**

**Gurgen KARAPETYAN, Petitioner,**

**v.**

---

\* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465

Michael B. **MUKASEY**,* Attorney General, Respondent.

No. 05–74968.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Jan. 18, 2008.

Dario Aguirre, Esq., Aguirre Law Group A.P.C., San Diego, CA, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Levings, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., K. Jack Haugrud, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.