Jozsef GORICSAN; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70868.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wellington Y. Kwan, Esquire, Los Angeles, CA, for Petitioners.

Andrew Brown, Assistant U.S., Office of the U.S. Attorney, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Jozsef Goricsan, his wife and children, all natives and citizens of Hungary petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's denial of asylum and withholding of removal for, *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995), and we review de novo claims of constitutional violations, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

■ Substantial evidence supports the IJ's finding that Goricsan failed to show past persecution because Goricsan's two brief detentions, employment conditions, job loss and his children's lowered grades, even considered cumulatively, do not rise to the level of past persecution. *See Prasad*, 47 F.3d at 339–40; *Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir. 2003). Substantial evidence also supports the IJ's finding that Goriscan did not establish a well-founded fear of future persecution because the State Department reports indicate that there no longer is a Communist government in power in Hungary. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002).

■ As Goricsan is unable to meet his burden of proof for asylum, he necessarily fails to meet the higher burden of proof for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

■ Goricsan has forfeited any challenge to the IJ's denial of CAT relief by failing to raise it in his opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Goricsan failed to show that the BIA erred when it affirmed the IJ's decision without opinion. *See Montes–Lopez v. Gonzales,* 486 F.3d 1163, 1165 (9th Cir. 2007); *Lanza v. Ashcroft,* 389 F.3d 917, 932 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.