**Maria Guadalupe SANTILLAN; Carlos Eduardo Santillan, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–71475.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.[*]

Filed April 8, 2009.

Robert L. Lewis, Esquire, Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

Daniel R. Cooper, Jr., Assistant U.S., Office of the U.S. Attorney, Anchorage, AK, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM [**]

Maria Guadalupe Santillan and Carlos Eduardo Santillan, married natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review in part, grant it in part, and remand for further proceedings.

We reject petitioners' contention that the IJ applied an incorrect legal standard to deny them cancellation of removal. Read in context, the IJ's references to "severe or life-threatening" medical conditions do not indicate that he committed legal error.

The BIA erroneously failed to address petitioners' contentions that the IJ violated due process in denying them withholding of removal, protection under the Convention Against Torture, and cancellation of

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

removal. *See Montes–Lopez v. Gonzales,* 486 F.3d 1163, 1165 (9th Cir.2007) ("[T]he BIA errs when it fails on appeal to consider and decide claims that the IJ proceedings suffered from procedural irregularity."). We therefore remand for the BIA to address these claims.

In light of our disposition, we need not reach petitioners' contention regarding the effect of *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), on the length of their voluntary departure period.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.