MEMORANDUM **
Francisco Mendoza Torres and Susana Zepeda Esquivel, married natives and citizens of Mexico, petition for review of the Board of Immigration Appeals’ order dismissing their appeal from an immigration judge’s (“IJ”) decision denying their application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo due process claims. Montes-Lopez v. Gonzales, 486 F.3d 1163, 1165 (9th Cir.2007). We dismiss in part, deny in part, and grant in part the petition for review, and remand.
We lack jurisdiction to review the agency’s discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. See Marti1nez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005).
Contrary to petitioners’ contention, the IJ’s application of the hardship standard falls within the broad range authorized by statute. See Ramirez-Perez v. Ashcroft, 336 F.3d 1001,1004 (9th Cir.2003).
Petitioners contend the IJ violated their due process rights by exhibiting bias and interrupting their testimony and that of their witnesses. Petitioners raised this issue to the BIA, which summarily affirmed, the IJ’s decision without addressing it. Because the BIA is not free to ignore arguments raised by petitioners, see Montes-Lopez, 486 F.3d at 1165, we remand for the BIA to consider petitioners’ contention.
PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.