MEMORANDUM **
Petitioner Cruz Martinez-Castillo petitions for review of the affirmance by the Board of Immigration Appeals (“BIA”) of a decision by an immigration judge denying the petition for cancellation of removal.
Because Martinez-Castillo raises a colorable issue of violation of his due process rights, we have jurisdiction over the due process claim raised in the petition for review. Ramirez-Alejandre v. Ashcroft, 319 F.3d 365, 377 (9th Cir.2003) (en banc); Torres-Aguilar v. INS, 246 F.3d 1267, 1270-71 (9th Cir.2001).
However, we do not have appellate jurisdiction over his petition for review insofar as it seeks review of the IJ’s adverse credibility findings because Martinez-Castillo failed to raise that issue before the BIA. Failure to exhaust administrative remedies on an issue prevents this court from exercising judicial review of the question. Sanchez-Cruz v. INS, 255 F.3d 775, 780 (9th Cir.2001).
Although Martinez-Castillo claimed in his appeal before the BIA that the IJ violated Martinez-Castillo’s due process rights and denied him his right to a full *169 and fair hearing by an impartial judge, the BIA did not address these claims in its decision. “[T]he BIA errs when it fails on appeal to consider and decide claims that the IJ proceedings suffered from procedural irregularity.” Montes-Lopez v. Gonzales, 486 F.3d 1163, 1165 (9th Cir.2007). When the BIA affirms the IJ without considering a petitioner’s procedural due process claims, remand is the only appropriate remedy. See id. at 1165 (“When a petitioner raises a claim based on a purported procedural defect of the proceedings before the IJ, the only administrative entity capable of independently addressing that claim is the BIA.”); see, e.g., Torres v. Holder, 325 Fed.Appx. 540 (9th Cir.2009) (z’emanding the case for the BIA to consider the petitioner’s contention that the IJ’s bias violated his due process rights); Santillan v. Holder, 321 Fed.Appx. 668, 668-69 (9th Cir.2009) (remanding the case because the “BIA erroneously failed to address petitioners’ contentions that the IJ violated due process in denying them ... cancellation of removal”).
Therefore, we grant the petition in part and remand it to the BIA so that the BIA may decide the claims the petitioner raised in his brief to the BIA, but which the BIA did not address in its opinion.
PETITION GRANTED IN PART; DISMISSED IN PART; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.