FILED
United States Court of Appeals
Tenth Circuit

June 26, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CONNIE L. CASTINE,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant-Appellee.

No. 08-1381
(D.C. No. 1:06-CV-02188-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

Connie Castine appeals the district court's order affirming the

Commissioner's denial of her applications for social security disability benefits

and supplemental security income. Ms. Castine filed for benefits in August 2002

alleging she became disabled in January 2002 after she fell and injured her back.

Following a hearing in March 2006, the administrative law judge (ALJ) issued an

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

opinion denying Ms. Castine benefits. Following the five-step sequential analysis, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined at steps one through three, respectively, that Ms. Castine had not engaged in substantial gainful activity since her alleged onset date, that her back disorders constituted severe impairments, but that her impairments did not meet or equal any relevant listing. At step four of the analysis, the ALJ found that Ms. Castine had the residual functional capacity for a full range of sedentary work and that she could therefore perform her past relevant sedentary work as a computer programmer. The ALJ accordingly denied her applications for disability benefits and supplemental security income.

Ms. Castine sought review of the ALJ's decision before the Appeals Council, but it denied review. With that denial, the ALJ's decision became the final decision of the agency. *See, e.g., Jensen v. Barnhart*, 436 F.3d 1163, 1164 (10th Cir. 2005). Ms. Castine sought review of that decision in the district court, which affirmed the denial of benefits. This appeal followed.

## Preservation of Issues

We review the Commissioner's decision to determine if it is supported by substantial evidence and if the correct legal standards were applied. *Cowan v. Astrue*, 552 F.3d 1182, 1184-85 (10th Cir. 2008). "The scope of our review, however, is limited to the issues the claimant properly preserves in the district

court and adequately presents on appeal . . . ." *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996). So we must first determine which of the issues Ms. Castine now raises were properly preserved for our review.

Ms. Castine raises two broad challenges to the ALJ's decision. First, she contends that having rejected every medical source opinion in the record that discussed her limitations, the ALJ was left with no substantial evidence to support his RFC finding. Second, she contends that the ALJ failed to follow the law in rejecting the opinions of her treating physicians and others about her limitations. Ms. Castine asserted the first of these broad challenges in the district court, though she did not raise some of the arguments she now advances in support of it. She admits, however, that she did not assert the second challenge in the district court. She contends, nevertheless, that the issue was before the district court because the Commissioner contended in his district court brief that the ALJ properly evaluated the opinions of Ms. Castine's treating physicians and others.

The rule requiring a party to affirmatively raise an issue before the district court advances the same policies as the firm waiver rule. *Thomas v. Arn*, 474 U.S. 140, 148 (1985). It "enables the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute, and gives the district court an opportunity to correct any errors immediately." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (citation and internal quotation marks omitted). In that respect, there is a significant

-3-

difference between a claimant arguing that there was specific error in an ALJ's decision and the Commissioner contending that the ALJ's decision was proper. Allowing a party to "sand-bag" the district court by raising an issue on appeal that the party did not raise in the district court results in "an inefficient use of judicial resources." *Thomas*, 474 U.S. at 148.

This court does have discretion, based on the circumstances of a particular case, to address an issue that was not raised in the district court. *See, e.g., United States v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007). We generally exercise that discretion, however, "only in the most unusual circumstances," such as "where the argument involves a pure matter of law and resolution of the issue is certain." *Id.* at 1202 (internal quotation marks omitted). The circumstances here are not unusual, and we see no reason to deviate from our general rule. Ms. Castine has forfeited her challenge to the ALJ's evaluation of the opinions of her treating physicians and others about her limitations.

The other broad challenge that Ms. Castine raises on appeal–that the ALJ's RFC determination was not supported by substantial evidence–also has some preservation problems. Although Ms. Castine raised this general issue in the district court, she did not advance all of the arguments in support of it that she advances on appeal. Of the arguments she now advances, only three were advanced in the district court: 1) the opinions of Ms. Castine's treating physicians that she could not sit for more than one hour at a time are inconsistent with an

-4-

RFC for a full range of sedentary work; 2) no medical source provided functional limitations that were compatible with an RFC for a full range of sedentary work; and 3) the record contains no evidence that would support an RFC for a full range of sedentary work.

When a party advances new grounds on appeal to support a general issue that was raised in the district court, we do not consider those new grounds to be properly preserved for our review.

> We have consistently rejected the argument that raising a related theory below is sufficient to preserve an issue for appeal. Changing to a new theory on appeal that falls under the same general category as an argument presented at trial or discussing a theory only in a vague and ambiguous way below is not adequate to preserve issues for appeal. Indeed, the Court of Appeals is not a second shot forum . . . where secondary, back-up theories may be mounted for the first time.

*Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1314 n.4 (10th Cir. 1998) (alteration in original; citation and internal quotation marks omitted); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1141 (10th Cir. 2007) ("This Court will not consider a new theory advanced for the first time as an appellate issue, even a theory that is related to one that was presented to the district court."). In evaluating Ms. Castine's challenge to the evidentiary support for the RFC determination, we will consider only the three arguments she raised in the district court.

Evidentiary Support for the RFC Determination

Ms. Castine contends that the ALJ's RFC determination was inconsistent with the opinions of her treating physicians that she could not sit for more than one hour at a time. The ALJ gave little weight to the treating physicians' opinions about Ms. Castine's functional limitations, however, and Ms. Castine has forfeited any challenge to the ALJ's justification for his assessment.

Ms. Castine's other two attacks on the evidentiary support for the ALJ's RFC determination are related. Both are founded on her contention that because there was no medical source who affirmatively opined that she had functional limitations consistent with an RFC for sedentary work, there was no evidence to support the ALJ's RFC determination. Ms. Castine points to no case that holds that an ALJ cannot make an RFC determination at step four unless the record includes an opinion from an acceptable medical source about the claimant's functional limitations. Instead, she relies on this court's general statement in *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir. 1993), that "[t]he absence of evidence is not evidence." We must be careful to view this statement in context, however.

First and foremost, the denial of benefits under review in *Thompson* was made at step five of the sequential analysis. At step five, "[i]t is not [the claimant's] burden to prove she cannot work at any level lower than her past relevant work; it is the [Commissioner's] burden to prove that she can." *Id.* The

ALJ in *Thompson* "relied on the absence of contraindication in the medical records," *id.* (emphasis omitted), in determining that the claimant retained an RFC that would allow her to perform other jobs in the national economy. We held that the ALJ could not rely on this absence of evidence to meet his affirmative burden of proof at step five, noting that "[t]he ALJ's reliance on an omission effectively shift[ed] the burden back to the claimant." *Id.*

The case before us, however, was decided at step four of the sequential analysis, where "[t]he burden is on the claimant to show that her impairment renders her unable to perform [her past relevant] work," *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993). Ms. Castine does not dispute the ALJ's finding that her past relevant work as a computer programmer is sedentary work, both as she performed it and as it is generally performed in the national economy. It was her burden to establish that her impairments prevented her from doing her past sedentary work, i.e., that she could perform less than a full range of sedentary work.

The evidence showed that Ms. Castine has degenerative disc disease evidenced by diffuse osteoarthritic changes, including disc desiccation and mild spur formation, but that she has no disc herniation or nerve root involvement. On examination she exhibited–at various times–low back pain that radiated into one or both of her legs, paresthesias in one leg and foot, muscle spasms, decreased range of motion in her spine, and some pain on straight leg raising. She did not,

however, exhibit any atrophy of her lower extremities or decreased strength.
Ms. Castine was treated conservatively with anti-inflammatory and pain relief
medications, from which she suffered no adverse side effects, and with exercise.
Although Ms. Castine testified that she had functional limitations that would be
inconsistent with her past relevant work, the ALJ found that her testimony was
not entirely credible and that there was evidence that she exaggerated her
symptoms and her limitations. Ms. Castine has not preserved any challenge to the
ALJ's assessment of her credibility.[1]

In light of the record evidence and the ALJ's evaluation of it, the ALJ did
not err in denying benefits at step four of the sequential analysis, where
Ms. Castine had the burden of showing that she could not perform her past
relevant sedentary work. The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[1]    Ms. Castine argues on appeal that part of the reason substantial evidence
did not support the ALJ's RFC determination is because the ALJ's analysis of her
credibility was insufficient. Ms. Castine did not make any challenge to the ALJ's
credibility determination in the district court, however, so that argument is not
properly preserved for our review.