
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA GABRIELA HERNANDEZ-GONZALEZ, aka Cynthia Pulgarin,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-73501<br><br>Agency No. A079-632-817<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010[**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Martha Gabriela Hernandez-Gonzalez, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order, on

remand from this Court, denying her motion to reconsider and affirming its

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal of her appeal from an immigration judge's ("IJ") denial of her application for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007). We grant in part, dismiss in part, deny in part, and remand the petition for review.

The BIA failed to address Hernandez-Gonzalez's contention, raised in her appeal brief to the BIA, that the IJ violated due process by not allowing her to submit a written response to the government's untimely filed motion to pretermit and additional charge of removability. We remand for the BIA consider this claim in the first instance. *Id.*

The BIA properly concluded that Hernandez-Gonzalez waived her application for cancellation of removal where she failed to file it within the time limit set by the IJ. 8 C.F.R. § 1003.31(c)(authorizing the IJ to set filing deadlines and to deem waived any application not filed by the deadline).

We lack jurisdiction to review the agency's discretionary denial of Hernandez-Gonzalez's application for adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Hosseini v. Gonzales*, 471 F.3d 953, 956-57 (9th Cir. 2006). We also lack jurisdiction to review her challenge to the agency's denial of her

application for voluntary departure because she failed to exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.**