**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO EUGENIO MENCOS BORRAYO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 07-73166 <br> 08-70982 <br><br> Agency No. A070-084-394 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated petitions for review, Julio Eugenio Mencos Borrayo, a

native and citizen of Guatemala, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's ("IJ")

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order of removal and denying his subsequent motion to reopen based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen and review de novo legal and constitutional claims, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). In 07-73166, we grant the petition for review and remand. In 08-70982, we grant in part and dismiss in part the petition for review and remand.

The agency did not have the benefit of our decision in *Chaly-Garcia v. United States*, 508 F.3d 1201 (9th Cir. 2007), when it denied Mencos Borrayo's application for special rule cancellation of removal. We therefore remand for the agency to consider Mencos Borrayo's application in light of this intervening case.

The BIA abused its discretion in denying Mencos Borrayo's motion to reopen by requiring strict compliance with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). The ineffective assistance of his prior counsel was plain on the face of the record where prior counsel failed to either withdraw or pursue Mencos Borrayo's pending asylum application. *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002).

The BIA failed to address Mencos Borrayo's contentions, raised in his motion to reopen, that the IJ violated due process by failing to adjudicate his

asylum application.  We remand for the BIA consider this contention in the first instance.  *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007).

We lack jurisdiction to review Mencos Borrayo's remaining contentions because he failed to exhaust them before the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**In No.  07-73166: PETITION FOR REVIEW GRANTED; REMANDED.  Each party shall bear its own costs in this petition for review.**

**In No.  08-70982:  PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.  Each party shall bear its own costs in this petition for review.**