**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MISAK TERYAN; MARI TERYAN, | No. 08-75183 |
| Petitioners, | Agency Nos. A095-191-276 |
| v. | A095-191-277 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:    RYMER, THOMAS, and PAEZ, Circuit Judges.

Misak Teryan and Mari Teryan, natives of Greece and citizens of Armenia,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen, *Singh v. Gonzales*, 491

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1090, 1095 (9th Cir. 2007), and we deny in part and grant in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because the motion was filed more than four years after the BIA's February 24, 2004, order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must generally be filed within 90 days of the final administrative order), and petitioners failed to establish grounds for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir. 2003).

Petitioners' contention that an immigration consultant they knew was not a lawyer provided them with ineffective assistance of counsel is foreclosed. *See Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir. 2008) (holding that knowing reliance upon the advice of a non-attorney cannot support a claim for ineffective assistance of counsel in a removal proceeding).

Because the BIA failed to address petitioners' request that it exercise its sua sponte authority to reopen proceedings, we remand for the BIA to consider petitioners' request in the first instance. *See Montes–Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part.**