FILED

DEC 9 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHABBAT PAUL SINGH, | No. 12-70356 |
| Petitioner, | Agency No. A089-665-760 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013**

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Mohabbat Paul Singh, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review for an abuse of discretion the denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008), and review de novo due process claims, *Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007). We deny the petition for review.

Singh admitted he told an asylum officer the Indian police subjected him to electrical shocks, but he failed to include this allegation in his asylum application, direct testimony, or his testimony on cross-examination, despite having numerous opportunities to do so. Substantial evidence supports the agency's adverse credibility determination based on this omission. *See Shrestha*, 590 F.3d at 1040-44 (adverse credibility determination was reasonable under the totality of circumstances). Singh's explanations, including nervousness and embarrassment, do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Contrary to his contention, the IJ addressed his explanations. In addition, the record does not compel the finding that the documentary evidence Singh submitted was sufficient to rehabilitate his credibility. *See Guo v. Ashcroft*, 361

F.3d 1194, 1201 (9th Cir. 2004). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In light of the adverse credibility determination, the agency was not required to separately consider Singh's eligibility for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii) (requiring showing of past persecution).

Singh's CAT claim also fails because it is based on the same statements found not credible, and he points to no other evidence in the record to compel the finding that it is more likely than not he would be tortured by or with consent or acquiescence of a public official in India. *See Shrestha*, 590 F.3d at 1048-49. Singh fails to overcome the presumption that the agency considered all the evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

Finally, we reject Singh's due process contention regarding corroboration. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim). We also reject Singh's related argument that the BIA erred in denying his motion to remand. *See Romero-Ruiz*, 538 F.3d at 1062 ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary to law.") (internal quotation marks and citation omitted).

**PETITION FOR REVIEW DENIED.**

12-70356