**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARIO MONTES-LOPEZ,
                            *Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,
                            *Respondent.*

No. 05-76297

Agency No.
A95-487-944

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
April 20, 2007—San Francisco, California

Filed May 17, 2007

Before: Alfred T. Goodwin, Sidney R. Thomas, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Thomas

## COUNSEL

Robert B. Jobe and Aruna Sury, Law Office of Robert B. Jobe, San Francisco, California, for the petitioner.

Peter D. Keisler, Mark C. Walters, and Jennifer L. Lightbody, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

## OPINION

THOMAS, Circuit Judge:

In this appeal we consider whether the Board of Immigration Appeals ("BIA") erred by failing to address petitioner's claim that he was denied his right to counsel at proceedings before the immigration judge ("IJ"). We conclude that the BIA so erred and remand for consideration of petitioner's claim.

I

Mario Montes-Lopez, also known as Mario Morales-Abrego, is a native and citizen of El Salvador who entered the United States without inspection in 2002. When he crossed the border, he was seventeen years old. Soon after Montes-Lopez entered the United States, the Department of Homeland Security instituted removal proceedings against Montes-Lopez. He conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Between December 10, 2002, Montes-Lopez's first immigration hearing at which he appeared *pro se*, and May 12, 2004, his merits hearing which was also held *pro se*, he experienced a series of difficulties in obtaining representation. His first attorney withdrew, stating that Montes-Lopez had decided to represent himself. He then retained the services of a pro bono attorney, to be later replaced by attorney Otto Peña who prepared his application for asylum, withholding of removal, and protection under CAT. Throughout this time,

Montes-Lopez was granted continuances to afford him representation.

On May 12, 2004, Montes-Lopez appeared without Peña, but with a letter from Peña explaining that Peña was unable to appear because his license had been suspended until August 2004. The IJ proceeded to exhaustively interrogate Montes-Lopez on the precise time he received the letter and on when he last spoke with Peña, presumably to discern when Montes-Lopez discovered that Peña would be unable to represent him. Based on what the IJ thought to be inconsistent testimony, the IJ concluded that Montes-Lopez had lied regarding his communications with Peña and refused to grant him a continuance. The hearing proceeded *pro se*. As opposed to the lengthy questioning regarding Peña's letter, the IJ's colloquy on Montes-Lopez's basis for asylum, withholding, and CAT protection was relatively limited. The IJ denied the applications, noting that Montes-Lopez was an incredible witness who attempted to delay the proceedings.

On appeal to the BIA, Montes-Lopez asserted but one claim: that his statutory and constitutional right to counsel was violated. The BIA summarily affirmed the IJ's decision pursuant to 8 C.F.R. § 1003.1(e)(4), thereby failing to address Montes-Lopez's claim that his right to counsel was deprived. The BIA decision stated in full only that:

> The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

II

We review de novo questions of law and claims of due process violations, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and review for abuse of discretion the IJ's decision not to continue a hearing, *Biwot v. Gonzales*, 403

F.3d 1094, 1099 (9th Cir. 2005). However, we are not permitted to decide a claim that the immigration court has not considered in the first instance. *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam) (oft referred to as the "ordinary remand rule"); *see also Barroso v. Gonzales*, 429 F.3d 1195, 1208-1209 (9th Cir. 2005) ("Although it appears that Barroso may well have been denied his statutory right to counsel, it is not for us to determine this question in the first instance.").

**[1]** "We think it goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). This basic tenet is of particular force where a petitioner argues on appeal to the BIA that the IJ proceedings were procedurally infirm, such as in claims of denial of procedural due process or the denial of the statutory right to counsel. Under the ordinary remand rule established in *INS v. Ventura* and the general requirement of administrative exhaustion, *see Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004), we usually decline to hear the claim unless the BIA does so in the first instance. When a petitioner raises a claim based on a purported procedural defect of the proceedings before the IJ, the *only* administrative entity capable of independently addressing that claim is the BIA. Here, by summarily affirming the IJ's decision, the BIA ignored—and denied review of—Montes-Lopez's claim that his right to counsel was violated by the IJ. *See* 8 C.F.R. § 1003.1(e)(4) (providing a mechanism for the BIA to affirm the IJ's decision without opinion). The BIA committed error in doing so.

**[2]** For these reasons, we conclude that the BIA errs when it fails on appeal to consider and decide claims that the IJ proceedings suffered from procedural irregularity. We therefore remand to the BIA for determination of the claim that Montes-Lopez's right to counsel was violated at the proceedings before the IJ.

**PETITION GRANTED; REMANDED.**