Anthony **EBOCHIE–CHUKWUDI,** Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–72582.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Nwabueze C.I. Ezeife, Esquire, Ezeife & Associates, Samuel U. Ogbu–Nwobodo, Esquire, Samuel U. Ogbu, Esquire, Emeziem & Ogbu, LLP, Oakland, CA, for Petitioner.

Ethan B. Kanter, Senior Litigation Counsel, Michael P. Lindemann, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

R.App. P. 34(a)(2).

MEMORANDUM **

Anthony Ebochie–Chukwudi, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review and remand for further proceedings.

The BIA concluded that Ebochie–Chukwudi's failure to provide his fingerprints before his removal hearing was a sufficient reason to deem his relief application abandoned. The BIA, however, did not have the benefit of our intervening decision in *Cui v. Mukasey*, 538 F.3d 1289 (9th Cir. 2008), which held that the denial of a continuance for fingerprint processing prior to April 2005 may be an abuse of discretion. *See id.* at 1292–95; *see also Karapetyan v. Mukasey*, 543 F.3d 1118, 1129–32 (9th Cir. 2008).

Ebochie–Chukwudi further contends that the IJ abused her discretion and violated due process in refusing to continue proceedings when his attorney was unable to attend the hearing due to illness. Although Ebochie–Chukwudi raised this issue before the BIA, the BIA improperly failed to address it. *See Montes–Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) ("[T]he BIA errs when it fails on appeal to consider and decide claims that the IJ proceedings suffered from procedural irregularity.").

We therefore remand for reconsideration of Ebochie–Chukwudi's appeal.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW GRANTED; REMANDED.