**Rafayel HAKOBYAN; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–73015.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 3, 2009.

Garbis N. Etmekjian, Esquire, Law Offices of Garbis N. Etmekjian, Glendale, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Madelyn E. Johnson, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Rafayel Hakobyan and his wife, Svetlana Yeghiazaryan, natives of Georgia and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we review de novo due process claims, *Montes–Lopez v. Gonzales,* 486 F.3d 1163, 1165 (9th Cir. 2007). We dismiss in part, deny in part, and grant in part the petition for review, and we remand.

Substantial evidence supports the IJ's denial of asylum because Hakobyan's experiences did not rise to the level of past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003). Furthermore, substantial evidence supports the conclusion that petitioners have not established a well-founded fear of persecution if they return to Armenia. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Finally, petitioners failed to exhaust before the BIA their contentions that their immediate family is a particular social group and that they are members of a disfavored group. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004). Accordingly, petitioners' asylum claim fails.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because petitioners failed to demonstrate eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Petitioners contend that they were denied a full and fair hearing because their counsel requested the opportunity to qualify them for voluntary departure, and the IJ rendered his oral decision without giving petitioners this opportunity. Petitioners raised this issue to the BIA, which summarily affirmed the IJ's decision without addressing it. Because the BIA is not free to ignore arguments raised by petitioners, *see Montes–Lopez*, 486 F.3d at 1165, we remand for the BIA to consider petitioners' contention.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.