MEMORANDUM **
David is a native-born citizen of Indonesia who is ethnically Chinese and a practicing Catholic. He petitions for review of two decisions of the Board of Immigration Appeals (“BIA”): one adopting and affirming an Immigration Judge’s (“IJ”) denial of withholding of removal under 8 U.S.C. § 1231(b)(3)[1] and relief under the Convention Against Torture (“CAT”) (No. 05-75540), and another denying his motion to reconsider that decision (No. 05-73823). Several of David’s arguments coincide with those of another Chinese Christian petitioner from Indonesia whose petition for review we also decide today in Wakkary v. Holder, 558 F.3d 1049 (9th Cir.2009).
A. Withholding of removal
1. Past persecution
The BIA’s determination that David did not suffer past persecution is supported by substantial evidence. The evidence concerning physical encounters with native Indonesians that David experienced during his childhood his youth do not compel us to overturn the IJ’s conclusion that, cumulatively, they were insufficiently severe to amount to persecution. See Fisher v. INS, 79 F.3d 955, 962 (9th Cir.1996) (en banc).[2]
*534 David also testified that he was robbed by native Indonesian youths and that police officers and parking attendants . demanded extra money from him on account of his ethnicity. The record does not compel the conclusion that the petty extortion and robberies that David suffered rose to the level of persecution, by themselves or cumulatively. See Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969) (distinguishing a “minor disadvantage or trivial inconvenience” from “substantial economic disadvantage”); compare Baballah v. Ashcroft, 367 F.3d 1067, 1076 (9th Cir.2004).
David also testified to the rape of his mother, and the death of his father in a road accident, as additional instances of racially-motivated harm to be taken into account when determining whether he suffered past persecution. While tragic, these events were not persuasively linked to ethnicity. David’s mother’s written account of the incident contains no indications of ethnic motivation. Similarly, the IJ and BIA determined that David had failed to show that the driver who killed his father did so deliberately or was motivated by his ethnicity, and the record does not compel a contrary conclusion. We therefore deny the petition with regard to past persecution.
2. Future persecution
Even when a petitioner fails to establish past persecution, he may establish eligibility for withholding of removal by showing that future persecution is “more likely than not.” See Avetova-Elisseva v. INS, 213 F.3d 1192, 1201 (9th Cir.2000). David attempted to establish that his fear of future persecution was objectively reasonable by making both a “pattern or practice” claim, see 8 U.S.C. § 1208.16(b)(2)(i), and an “individualized]” persecution claim, see id. § 1208.16(b)(2). We grant the petition with respect to both these claims.

a. Pattern or practice

Neither the IJ nor the BIA expressly considered David’s “pattern or practice” argument. Nor did either entity mention the evidence in the record pertinent to a pattern or practice mode of proof.
Under the pattern or practice rubric, an applicant for withholding of removal must show, first, a widespread pattern of persecution in his home country against members of the group to which he belongs, and second, that by reason of his inclusion in that group he faces a clear probability of persecution if he is returned. 8 C.F.R. § 208.16(b)(2)(i)-(ii). To establish that a pattern or practice exists, the applicant need not show evidence that he personally has been harmed in the past or is likely to be “singled out” for harm in the future. Id.; see also Knezevic v. Ashcroft, 367 F.3d 1206, 1213 (9th Cir.2004). Here, the decision relies on only the harm that David himself suffered in the past, even though there was a great deal of country conditions evidence that would have been relevant to the pattern and practice route to withholding.
In light of this gap, we can only conclude that the IJ did not consider whether David had demonstrated a pattern or practice of persecution against Chinese Christians in Indonesia. Although David’s brief to the BIA specifically addressed the pattern or practice question, the BIA also failed to mention either the concept or the pertinent evidence.
“[I]t goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner.” Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir.2005). We remand so that the agency may determine in the first instance whether David has shown a pattern or practice of persecution. See Montes-Lopez v. Gonzales, *535 486 F.3d 1163, 1165 (9th Cir.2007) (citing INS v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)).
If the agency determines on remand that David has shown a pattern or practice of persecution, the question will then become whether that is sufficient to meet his burden of proof for withholding of removal. We do not reach that question here, but leave it to the agency to decide in the first instance, if necessary. Cf. Bromfield v. Mukasey, 543 F.3d 1071, 1078 (9th Cir.2008).

b. Individualized persecution

Like the petitioner in Wakkary v. Holder, a related case decided in a published opinion today, David argues that the BIA should have assessed his likelihood of future persecution in light of his membership in a “disfavored group.” As in Wakkary, the BIA held that the “disfavored group” concept is inapplicable to David’s claim for withholding.
For the reasons discussed in our opinion in Wakkary, the BIA’s ruling on this point is in error. See Wakkary, 558 F.3d at 1062. We grant the petition for review and remand to the agency to apply the “disfavored group” approach to David’s application for withholding of removal, by evaluating both the country conditions and individualized evidence regarding the risk of future persecution as outlined in Wak-kary. We express no view on whether the record in this case supports a finding that future persecution is more likely than not, even when considered according to the evidentiary approach we have laid out in Wakkary.
B. CAT Relief
David has not adduced any evidence that he or any other Chinese Christian faces a likelihood of being tortured, rather than persecuted, upon return to Indonesia. See 8 C.F.R. § 1208.17; Zheng v. Ashcroft, 332 F.3d 1186, 1188 (9th Cir.2003). As in Wakkary, therefore, we conclude that substantial evidence supports the BIA’s determination as to David’s ineligibility for CAT relief. See Wakkary, 558 F.3d at 1067-68.
C. Motion to Reconsider
David petitions for review of the BIA’s denial of his motion to reconsider, which dealt with the application of Sael v. Ashcroft, 386 F.3d 922 (9th Cir.2004). Because we grant David’s merits petition on this issue, we dismiss the second petition as moot.
CONCLUSION
In sum, we deny the petition with regard to past persecution, but grant it with regard to the likelihood of future persecution. We remand to the agency for a new determination as to whether David faces a clear probability of future persecution, in light of this disposition and the analysis set forth in Wakkary v. Holder.
No. 05-73823: petition for review GRANTED in part and DENIED in part.
No. 05-75540: petition for review DISMISSED as moot.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. David also applied for asylum, but the IJ determined that his asylum application was time-barred, and David did not appeal this determination to the BIA. It is not before us.

. Because the IJ issued no adverse credibility finding, we treat David’s testimony as true. See Vukmirovic v. Ashcroft, 362 F.3d 1247, 1251 (9th Cir.2004).