**Lazaro LEDEZMA–YANEZ; Elvira Tolentino–Abrego, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–73921.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

Barbara K. Strickland, Law Offices of Barbara K. Strickland, San Diego, CA, for Petitioners.

District Counsel, Office of the District Counsel, Department of Homeland Securi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ty, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON and CLIFTON, Circuit Judges.

MEMORANDUM **

Lazaro Ledezma–Yanez and Elvira Tolentino–Abrego, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision pretermitting their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 744 (9th Cir. 2007), and we review de novo due process claims, *Montes–Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir.2007). We deny in part and dismiss in part the petition for review.

■ Substantial evidence supports the IJ's conclusion that Ledezma–Yanez was ineligible for cancellation of removal because he "provided some form of affirmative assistance" to Tolentino–Abrego's teenage daughter to facilitate her illegal entry into the United States in 2001. *Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir.2005).

** This disposition is not appropriate for publication and is not precedent except as provid-

■ To the extent Ledezma–Yanez contends that his due process rights were violated because he was not afforded an opportunity to testify regarding his role in the smuggling, we lack jurisdiction over this claim because it is not exhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

Petitioners' contention that they are eligible for a family unity waiver is foreclosed by *Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir.2009) (en banc) (overruling *Moran v. Ashcroft*, 395 F.3d 1089 (9th Cir.2005)).

We lack jurisdiction to review the BIA's denial of voluntary departure. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), 1229c(f); *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioners' remaining contentions lack merit.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**