**Kristiani PURNOMO; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–75601.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

R.App. P. 34(a)(2).

Kristiani Purnomo, Temple City, CA, pro se.

Hoo Sehoko Iffan Agusta, Temple City, CA, pro se.

Adrian Alan Sehoko, Temple City, CA, pro se.

Arizka Atalya Sehoko, Temple City, CA, pro se.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Lauren E. Fascett, David V. Bernal, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Kristiani Purnomo, her husband Hoo Sehoko Iffan Augusta, aka Iffan Augusta Hoo Sehoko, and their two children, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and deny in part and grant in part the petition for review.

The IJ found that Purnomo and Hoo Sehoko's asylum claims were time-barred and denied the children's asylum claim on the merits. The BIA affirmed the IJ's time-bar finding but did not address the merits denial. The record does not compel the conclusion that the changed circumstances or extraordinary circumstances exceptions excused Purnomo and Hoo Sehoko's untimely applications. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 648, 657–58 (9th Cir.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2007) (per curiam). We grant the petition for review with respect to the children's asylum claims because the BIA failed to address their challenge to the IJ's merits denial of their claims. *See Montes–Lopez v. Gonzales,* 486 F.3d 1163, 1165 (9th Cir. 2007).

On the record before us, petitioners did not establish that Chinese Christians are subject to a pattern or practice of persecution. *See Wakkary,* 558 F.3d at 1060–62.

With respect to all of the petitioners' withholding of removal claims, the BIA declined to extend the disfavored group analysis to the withholding of removal context. The BIA, however, did not have the benefit of our intervening decision in *Wakkary,* in which the court held that the disfavored group analysis applies to withholding of removal. *See id.* at 1064–65. We therefore grant the petition for review and remand for the BIA to reconsider petitioners' withholding of removal claims. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Finally, substantial evidence supports the BIA's denial of CAT relief because petitioners failed to show that it is more likely than not that they will be tortured if they return to Indonesia. *See Wakkary,* 558 F.3d at 1067–68.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**