**Raechel SINGH, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70222.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 26, 2009.

Charles E. Nichol, Law Offices of Charles E. Nichol, San Francisco, CA, for Petitioner.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

John J.W. Inkeles, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Raechel Singh, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we review de novo due process claims, *Montes–Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir.2007). We grant the petition for review.

The BIA erred in failing to address Singh's contention that the IJ's denial of her motion for continuance violated due process. *See Montes–Lopez*, 486 F.3d at 1165 (the BIA commits error when it fails on appeal to consider and decide claims that the IJ's proceedings violated procedural due process). Accordingly, we remand for the agency to address Singh's

claim in the first instance. *See id.*; *see also INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In light of our disposition, we do not address Singh's other contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.