**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GHALEB SARAMA, | No. 08-73724 |
| Petitioner, | Agency No. A075-691-693 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ghaleb Sarama, a native of Jordan and citizen of Israel, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

DL/Research

withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

The BIA determined that Sarama's failure to submit fingerprints was a sufficient reason to deny his application for relief. The BIA, however, did not have the benefit of our intervening decision in *Cui v. Mukasey*, 538 F.3d 1289 (9th Cir. 2008) (holding IJ's denial of petitioner's request for a continuance constituted an abuse of discretion where law governing fingerprint requirement was unclear and uncertain, and IJ did not warn petitioner that failure to submit new fingerprints in advance of merits hearing could result in pretermission of her claims). The government contends this case should be remanded for the BIA to reconsider its dismissal of Sarama's appeal in light of *Cui*, and we agree. *See id*. at 1292-95; *see also Karapetyan v. Mukasey*, 543 F.3d 1118, 1129-32 (9th Cir. 2008) (reaching same result as in *Cui*).

We also grant the petition for review and remand as to Sarama's claim that the IJ violated his due process rights by failing to provide adequate notice regarding the fingerprint requirement. Sarama raised this contention to the BIA, but the BIA did not address it, so we remand for the BIA to do so in the first instance. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007).

Because the BIA did not rely upon the IJ's finding that Sarama's asylum claim was time-barred as a ground for denying relief, the BIA properly declined to address Sarama's due process claim regarding the IJ's time-bar finding.

**PETITION FOR REVIEW GRANTED; REMANDED.**