FILED

NOT FOR PUBLICATION

FEB 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTOKH SINGH PARIHAR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 08-70894<br><br>Agency No. A077-596-351<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2012
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **REINHARDT** and **THOMAS**, Circuit
Judges.

Santokh Parihar petitions for review of the Board of Immigration Appeals's

("BIA") decision to deny his motion to reopen. Because the BIA failed to address

all of Parihar's arguments, we remand.

---

        [*]    This disposition isn't appropriate for publication and isn't precedent
except as provided by 9th Cir. R. 36-3.

**1.** The BIA denied Parihar's motion to reopen as untimely. Parihar had argued to the BIA that the motion was late due to ineffective assistance of counsel ("IAC"). His counsel had filed the motion with the immigration judge, not with the BIA, and, in any case, the misfiling was after the filing deadline. The BIA considered his motion to reopen as having been filed with the BIA, but denied the motion as untimely. The BIA's concession did not moot Parihar's claim that the motion was late because of IAC. See Iturribarria v. INS, 321 F.3d 889, 898 (9th Cir. 2003). Nor did the BIA address this IAC claim. Because we may not decide this claim in the first instance, we remand for the BIA to do so. See Montes-Lopez v. Gonzales, 486 F.3d 1163, 1165 (9th Cir. 2007).

**2.** Parihar also claims the BIA should reopen his case because he's entitled to adjustment of status by virtue of having been approved for an alien relative visa. The BIA hasn't addressed this claim yet. We may not take up the issue in the first instance. Id. The BIA should address Parihar's eligibility for adjustment of status on remand if it finds that the deadline for Parihar's motion to reopen was tolled because of IAC.

**3.** Parihar's motion to reopen also alleges IAC and due process claims because he wasn't provided an interpreter at his asylum hearing. The BIA did address these claims, citing evidence of Parihar's facility with English—e.g., that he communicated with his attorney in English and that his asylum application form indicated he was fluent—and his decision to proceed in English at multiple hearings, including the hearing in question. The BIA didn't abuse its discretion in rejecting these claims. See Lara-Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir. 2004); Maravilla Maravilla v. Ashcroft, 381 F.3d 855, 858 (9th Cir. 2004).

The petition for review is **GRANTED** and the matter is **REMANDED** to the BIA for proceedings consistent with this opinion.