**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVEN GEORGE KHAROUFEH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-71330

Agency No. A023-074-227

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and CHRISTEN, Circuit
Judges.

## I. Scope of the Remand

Following our remand, the Board of Immigration Appeals (BIA) again

dismissed Petitioner's appeal in part on the ground that our prior remand was limited

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

in scope to Petitioner's claim of citizenship. Because our prior remand was not so limited, but was a general remand, the BIA erred in failing to reach the entirely separate due process claim.[1] Accordingly, we grant the petition in part and remand for further proceedings consistent with this disposition.[2]

## II. Citizenship

Petitioner cannot qualify for derivative citizenship under former section 321(a) of the INA because he "was already residing in the United States when his mother naturalized, and was not residing pursuant to a lawful admission for permanent residence," *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008), "either at the time of [his mother's] naturalization or at some subsequent time while under the

---

[1] The BIA held, in the alternative, that Petitioner had failed to show changed circumstances since the initial Immigration Court decision or his motion to reopen. This holding, however, does not in any way address Petitioner's due process claim, which concerns his right to counsel. "[A]n alien who shows that he has been denied the statutory right to be represented by counsel in an immigration proceeding need not also show that he was prejudiced by the absence of the attorney." *Montes-Lopez v. Holder*, 694 F.3d 1085, 1093–94 (9th Cir. 2012).

[2] Because the BIA did not reach the merits of the Petitioner's due process claim, we do not reach the merits of it here. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) ("Under the ordinary remand rule established in *INS v. Ventura* and the general requirement of administrative exhaustion, we usually decline to hear [a] claim unless the BIA does so in the first instance." (citation omitted)).

age of 18," *id.* at 1062. Therefore, Petitioner's claim that the BIA erred in holding

that he had not obtained derivative citizenship through his mother is denied.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**