NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIMMY BLADIMIRO PISABAJ-MEJIA, | No. 13-70106 |
| Petitioner, | Agency No. A079-155-359 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016**

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Jimmy Bladimiro Pisabaj-Mejia, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").   We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010), and we review de novo questions of law and claims of due process violations, *Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007).   We deny the petition for review.

Substantial evidence supports the agency's determination that Pisabaj-Mejia failed to establish a nexus between the harm he suffered and fears and a protected ground.   *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").   Thus, Pisabaj-Mejia's asylum and withholding of removal claims fail.   *See id.* at 1015-16.

Substantial evidence also supports the agency's denial of CAT relief because Pisabaj-Mejia failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Guatemalan government if returned. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject Pisabaj-Mejia's contention that the BIA committed legal error in assessing his argument for a continuance for prosecutorial discretion.   *See*

13-70106

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (explaining that a petitioner must show error and prejudice to prevail on a due process claim); *see also Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 483-85 (1999) (prosecutorial discretion by the agency can be granted at any stage of the administrative process).   Further, on the parties' joint request, the case was referred to this court's mediation unit to explore the possibility of the exercise of prosecutorial discretion.   Thus, although the parties' efforts to resolve the matter did not succeed, Pisabaj-Mejia's contentions regarding a continuance are moot.

**PETITION FOR REVIEW DENIED.**

13-70106