**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN PABLO PACHECO-GARCIA, | No. 15-71674 |
| Petitioner, | Agency No. A205-412-379 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016[**]

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Juan Pablo Pacheco-Garcia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order denying his request for a

continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion for a continuance, and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny in part and grant in part the petition for review.

The agency did not abuse its discretion in denying Pacheco-Garcia's request for a fourth continuance where he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (factors considered in determining whether the denial of a continuance constitutes an abuse of discretion include the nature of the evidence excluded as a result of the denial). In addition, the agency's denial of a continuance to seek new counsel did not violate Pacheco-Garcia's right to counsel, where the IJ had deemed his application for relief abandoned. *See Ram v. Mukasey*, 529 F.3d 1238, 1242 (9th Cir. 2008) (an IJ may "determine, in the absence of a showing of good cause for an additional continuance, that the right to counsel has been forfeited"); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

We reject Pacheco-Garcia's contentions that the BIA ignored certain arguments, failed to provide a reasoned explanation for its actions, and incorrectly applied the pertinent legal standard. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[The BIA] does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive

that it has heard and thought and not merely reacted." (citation and quotation marks omitted)); *Lata*, 204 F.3d at 1246 (requiring error and substantial prejudice to prevail on a due process claim).

Because the BIA did not address Pacheco-Garcia's contentions regarding voluntary departure, we remand for the BIA to consider these contentions in the first instance. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**