NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDY JOSE DOMINGUEZ PENA, AKA Eddie Jose Dominguez, AKA Eddy Dominguez, AKA Edy J. Dominguez Pena, AKA Edy Jose DominguezPena, AKA Edy Jose Pena, <br><br>　　　　　Petitioner, <br><br>　v. <br><br> JEFF B. SESSIONS, Attorney General, <br><br>　　　　　Respondent. | No.　13-72534 <br><br> Agency No. A094-289-027 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before:　GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

　　Edy Jose Dominguez Pena, a native and citizen of Honduras, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand, and dismissing his appeal from an immigration judge's ("IJ")

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review for abuse of discretion the denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

The BIA did not abuse its discretion in denying Dominguez Pena's motion to remand, because he failed to establish prima facie eligibility for relief. *See Romero-Ruiz*, 538 F.3d at 1063 (the requirements for a motion to reopen and a motion to remand are the same); *see Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the agency can deny a motion to reopen for failure to establish a prima facie case for the relief sought).

Substantial evidence supports the agency's determination that Dominguez Pena did not establish that he suffered any harm in Honduras. *See* 8 C.F.R. § 1208.13(b)(1) (past persecution must have been suffered "in the applicant's country of nationality"). Substantial evidence also supports the agency's finding that Dominguez Pena failed to establish his feared future persecution was on

2                                                                                    13-72534

account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("[S]ince the statute makes motive critical, [an applicant] must provide some evidence of it, direct or circumstantial"); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."). Thus, Dominguez Pena's asylum and withholding of removal claims fail.

In affirming the IJ's denial of CAT relief, the BIA did not address Dominguez Pena's contention that the IJ erred by failing to find any facts or provide any analysis in support of her denial of his CAT claim. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) ("We think it goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner.") (quoting *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005)). Thus, we grant the petition for review as to Dominguez Pena's CAT claim and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**.