**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSEAS SOTERRO-HERRERA, | No.   15-72541 |
| Petitioner, | Agency No. A028-759-774 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Oseas Soterro-Herrera, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's ("IJ") order

denying reopening of deportation proceedings conducted in absentia.  We have

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in part and grant in part the petition for review.

The agency did not abuse its discretion in declining to reopen based on Soterro-Herrera's contention that alienage had been improperly established based on his asylum application, where Soterro-Herrera's counsel admitted all of the factual allegations in the Order to Show Cause, which included allegations that he is a native and citizen of Guatemala. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (an attorney's admission of the charging document allegations made on alien's behalf can bind the alien and satisfy the government's burden of proof).

Although the IJ incorrectly stated Soterro-Herrera did not request sua sponte reopening, the agency did not commit legal error in declining to reopen sua sponte, where the IJ addressed the merits of sua sponte reopening despite the misstatement, and where the IJ and BIA both cited to and applied the correct standard in denying such relief. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law); *Bonilla*, 840 F.3d at 588 (jurisdiction is limited to review of sua sponte determinations for legal or constitutional error).

15-72541

In denying Soterro-Herrera's motion to remand for relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA") as untimely, the BIA failed to address his contention that he was entitled to equitable tolling. Accordingly, we remand for the BIA to consider equitable tolling with regard to NACARA relief. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner.").

In light of this decision, we do not address Soterro-Herrera's contentions regarding eligibility for NACARA relief.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**