**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLGA BARANNIK, | No. 19-70871 |
| Petitioner, | Agency No. A73-539-000 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 14, 2020
Pasadena, California

Before: GOULD and LEE, Circuit Judges, and KORMAN,** District Judge.

Olga Barannik, a Ukrainian citizen, petitions for review of a decision by the

Board of Immigration Appeals ("BIA") dismissing her appeal for failure to

"meaningfully challenge" the Immigration Judge's ("IJ") adverse credibility

determination. We grant the petition and remand for further proceedings.

The Attorney General argues that we lack jurisdiction because of Barannik's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

alleged failure to exhaust her challenge to the IJ's adverse credibility determination before the BIA. *See* 8 U.S.C. § 1252(d)(1). We disagree. Barannik proceeded *pro se* before the BIA, and we therefore apply a "forgiving standard[]" in assessing exhaustion, giving her pleadings to the BIA "their most liberal construction." *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011). Barannik was required only to place the BIA "on notice of the contested issues." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (internal quotation omitted). She did so by addressing the IJ's reasons for finding her not credible, such as the IJ's conclusion that she testified inconsistently about the number of times she was harmed in Ukraine. She also argued that the inconsistencies noted by the IJ resulted from translation errors. While these contentions were sufficient to place the BIA on notice under our liberal standard for *pro se* respondents, we also note that Barannik addressed the adverse credibility finding directly, claiming "I'm personality who need credible."

We therefore grant the petition and remand to the BIA to consider Barannik's arguments on the merits. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007). We hope that Barannik's able *pro bono* counsel will continue to assist her on remand.

**PETITION GRANTED; REMANDED.**