**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROGELIO SARMIENTO-HERNANDEZ,
AKA Perdo Verdier,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   20-71988

Agency No. A206-784-435

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2021[**]
Seattle, Washington

Before: HAWKINS and IKUTA, Circuit Judges, and CALDWELL,[***] District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Karen K. Caldwell, United States District Judge for
the Eastern District of Kentucky, sitting by designation.

Rogelio Sarmiento-Hernandez, a native and citizen of Mexico, seeks review of a decision of the Board of Immigration Appeals (BIA) affirming the decision of an Immigration Judge (IJ) to deny his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we grant the petition for review in part.

The BIA erred by failing to address Sarmiento's argument that he was eligible for asylum and withholding of removal because he has a well-founded fear of persecution from private actors in Mexican mental institutions whom the Mexican government was unable or unwilling to control. *See Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010). Because "IJs and the BIA are not free to ignore arguments raised by a petitioner," the agency must address this argument on remand. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) (quoting *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005)).

The BIA's determination that Sarmiento did not establish a well-founded fear of future persecution at the hands of the Mexican authorities is supported by substantial evidence.

Substantial evidence also supports the agency's determination that Sarmiento is not eligible for CAT relief because he did not establish that it is more

2

likely than not that he will be tortured by or with the acquiescence of a public official upon return to Mexico. *See* 8 C.F.R. § 1208.16(c)(2); *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). The country conditions reports do not demonstrate that Sarmiento is personally at risk of future torture or that any Mexican official had the specific intent to inflict suffering upon patients with chronic mental health issues required to establish an entitlement to relief under CAT. *See Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014); *Acevedo Granados v. Garland*, 992 F.3d 755, 765 (9th Cir. 2021). Sarmiento failed to point to any other evidence in the record to support his claim. *See Garcia v. Holder*, 749 F.3d 785, 792 (9th Cir. 2014).

**PETITION GRANTED IN PART, DENIED IN PART.**[1]

---

[1] Costs shall be taxed against the respondent.