**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DHARMENDRA PRASAD, AKA Dharmendra Beltran Prasad, AKA Mar Dharmendra, AKA Prasad Dhirendra, AKA Danny Prasad, AKA Dhirendra Prasad, AKA Dmarmendra Prasad, AKA Ravind Prasad, AKA Manjinder Singh Karwal, | No. 19-70499 Agency No. A041-813-173 MEMORANDUM[*] |
| Petitioner, | |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2022
San Francisco, California

Before: BERZON and BEA, Circuit Judges, and BENNETT,[**] District Judge.

Dharmendra Prasad is a lawful permanent resident of the United States and a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

native and citizen of Fiji. Prasad petitions for review of the Board of Immigration Appeals' ("BIA") denials of applications for asylum and withholding of removal under the Immigration and Nationality Act and for deferral of removal under the Convention Against Torture ("CAT"). We do not reach the merits of any of these issues because we conclude that the BIA improperly failed to consider Prasad's pro se filings alleging ineffective assistance by his Qualified Representative ("QR") and requesting a different QR. We therefore grant Prasad's petition, vacate his removal order, and remand to the BIA for further proceedings.

1. The immigration judge ("IJ") determined that, due to his mental illness, Prasad is a class member in *Franco-Gonzalez v. Holder* and is therefore entitled to a QR in removal proceedings. *See Franco-Gonzalez v. Holder*, No. 10-02211, 2013 WL 8115423 (C.D. Cal. Apr. 23, 2013) (permanent injunction). After a hearing, the IJ denied Prasad's applications for asylum and withholding on the ground that Prasad's conviction for making criminal threats under California Penal Code § 422 qualifies as both a crime of violence and a particularly serious crime. The IJ also denied CAT relief.

Prasad appealed to the BIA through his QR. While that appeal was pending, Prasad filed several pro se documents with the BIA asserting that his QR had provided ineffective assistance, including a pro se BIA brief and a filing styled as a "motion to remove or discharge attorney of record." In these filings, Prasad

2

asserted that his QR had failed to submit to the IJ numerous pieces of evidence that would have been helpful to Prasad's case. For instance, Prasad's brief stated that his QR not only failed to submit to the IJ the jury verdicts for Prasad's 2007 convictions, one of which served as the basis for the IJ's particularly serious crime finding, but also failed to inform the IJ that Prasad had been acquitted in 2007 of assault with a deadly weapon under Penal Code § 245(A)(1). Instead, Prasad's QR erroneously told the IJ that Prasad had been *convicted* of the § 245 charge. Among other things, these documents could have supported Prasad's contention that he did not use a knife in the events leading to his 2007 Penal Code § 422 conviction.

Having asserted these deficiencies, Prasad asked the BIA to remove his QR from the case and not to accept any documents filed by the QR. In its order dismissing Prasad's appeal, the BIA noted that Prasad had "filed a motion requesting termination of his attorney's representation, along with a pro se Notice of Appeal and a pro se appeal brief" but rejected Prasad's request to dismiss his QR because Prasad "has been deemed not mentally competent to represent himself." The BIA did not address any of Prasad's ineffective assistance allegations.

The BIA's treatment of Prasad's pro se filings was erroneous. The BIA denied Prasad's motion to discharge his QR because Prasad had "been deemed not mentally competent to represent himself," relying on the *Franco-Gonzalez*

3

implementation order's statement that "[a]bsent exceptional circumstances, a [class] member shall not be found to have knowingly, intelligently and voluntarily waived his right to a Qualified Representative." (quoting *Franco-Gonzalez v. Holder*, No. CV-10-02211, 2014 WL 5475097, at \*11 (C.D. Cal. Oct. 29, 2014). But Prasad's motion sought only "to remove or discharge attorney of record," and in conjunction with Prasad's other filings, identified specific problems Prasad had with his particular existing counsel. Nowhere did the motion indicate a desire altogether to waive Prasad's right to a QR. So, liberally construed, *Agyeman v. INS*, 296 F.3d 871, 878 (9th Cir. 2002), Prasad's pro se filing was a motion to terminate his existing QR and to then appoint a *different* QR. The BIA's interpretation of Prasad's motion as a request for self-representation, relief that the BIA could not possibly grant him under *Franco-Gonzalez*, was an abuse of discretion. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014).

2. Citing the BIA Practice Manual, the BIA also indicated that the BIA "does not accept pro se filings from represented aliens." The Practice Manual does not support that assertion. The Manual indicates that if "a represented alien wishes to file a document without the assistance of his or her representative, the alien should serve copies of that document on both DHS and the representative." *Board of Immigration Appeals*, *Practice Manual* 37 (Oct. 16, 2018). The manual thus expects that the BIA will accept pro se filings from represented noncitizens. The

4

BIA provided no other reason why it could not accept Prasad's pro se filings.[1]

3. The BIA is "not free to ignore arguments raised by a petitioner," including claims of ineffective assistance. *Coronado v. Holder*, 759 F.3d 977, 986–87 (9th Cir. 2014) (quoting *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005)); *see also Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007). Because of its erroneous procedural rulings, the BIA did not address at all Prasad's repeated claims that his QR provided ineffective assistance, including his recitation of several specific reasons as to why he could not proceed with his existing counsel. Those reasons included that his QR failed to introduce several important pieces of readily available evidence, an assertion that, if true, could strongly support Prasad's ineffective assistance claim.

Because the BIA incorrectly construed and improperly refused to consider Prasad's motion to terminate his QR, and thus erroneously failed to address his ineffective assistance claim, we grant Prasad's petition for review, vacate the removal order, and remand to the BIA to address the ineffective assistance arguments made in Prasad's pro se filings, including consideration of whether to remand to the IJ for an evidentiary hearing on the ineffective assistance issue and/or on the claims for relief from removal. We do not address Prasad's

---

[1] Although Prasad did not serve the filings on his QR, the BIA cured that oversight by mailing a copy of the documents to the QR for him, and the BIA did not state that it refused to accept Prasad's filings because of any failure to serve them.

5

remaining arguments on appeal, as the administrative record may change after the agency considers his pro se filings. If, on remand, the BIA again denies Prasad's claims for relief without a further evidentiary hearing on the merits of those claims, the BIA should reissue its removal order to permit Prasad to file a new petition for review covering his claims for relief based on the current evidentiary record.

**PETITION GRANTED; REMANDED.**