**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



LING HE,

                Petitioner,

  v.

TODD BLANCHE, Acting Attorney
General,

                Respondent.

No. 25-1991

Agency No.
A208-318-191

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2026[**]

Before: RAWLINSON, VANDYKE, and MENDOZA, JR, Circuit Judges.
Concurrence by Judge VANDYKE.

    Petitioner Ling He,[1] a native and citizen of the People's Republic of China,

petitions pro se for review of a decision of the Board of Immigration Appeals

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] The Board of Immigration Appeals severed the asylum application of
Petitioner's former spouse.  Therefore, he is no longer a derivative beneficiary of
her asylum application.

(BIA) dismissing her appeal of the denial by an Immigration Judge (IJ) of her application for asylum and withholding of removal.[2]  We deny the petition.

"Where, as here, the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision. . . ."[3]  *Singh v. Bondi*, 161 F.4th 560, 565 (9th Cir. 2025) (citation and internal quotation marks omitted).  "We review factual findings for substantial evidence and legal questions de novo. . . ."  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020), *as amended* (citation omitted).  Under the substantial evidence standard, we will reverse the BIA's factual finding only if the evidence compels a conclusion other than that reached by the BIA.  *See Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009).

The IJ denied Ling He's application for asylum and withholding of removal on the basis that she was not credible.  Ling He appealed the IJ's decision, and the BIA dismissed the appeal.  The BIA declined to address the adverse credibility determination, and alternatively concluded that "[e]ven if credible" Ling He "did not provide sufficient evidence to corroborate the forced abortion."  After Ling He

---

[2]  Because Ling He withdrew her claim for CAT relief, that claim is not before us. *See Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) ("[W]e are not permitted to decide a claim that the immigration court has not considered in the first instance. . . .") (citations omitted).

[3]  The BIA clarified that it did not adopt the IJ's decision "in whole or in part."

filed a petition for review, the government filed an unopposed motion to remand to the BIA, which we granted. On remand, the BIA clarified that it did not adopt the IJ's decision, and declined to address the adverse credibility determination. Thus, we do not address Ling He's arguments regarding the adverse credibility determination. *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1031 (9th Cir. 2004), *as amended* ("We need not address [the adverse credibility] question . . . because the BIA states that its disposition was not based on an adverse credibility finding."). The BIA affirmed the IJ's denial of asylum and withholding of removal because Ling He did not sufficiently corroborate her claim of a forced abortion under China's one-child policy.[4]

Substantial evidence supports the BIA's determination that Ling He failed to sufficiently corroborate her claim that she was forced to have an abortion when she was pregnant with her second child. *See Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013) ("[T]he applicant's failure to corroborate testimony can be fatal to [her] asylum application.") (citations omitted). Specifically, Ling He did not provide any evidence to explain the age discrepancy between the age listed on her abortion certificate and her testimony regarding her date of birth. Thus, the BIA

---

[4] Ling He did not explicitly raise a religion-based claim, and she discussed her Christianity only in the context of challenging the IJ's adverse credibility determination, which the BIA declined to address. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021) ("In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency. . . .").

determined that the abortion certificate was not "sufficiently reliable to corroborate the forced abortion claim." *See id.*

Substantial evidence also supports the determination that Ling He failed to establish a well-founded fear of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010). Indeed, China's current two-child policy belies Ling He's expressed fear of persecution if she were to become pregnant. *See id.*

**PETITION DENIED.**[5]

---

[5] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. #2) is otherwise denied.

*He v. Blanche*, No. 25-1991
VANDYKE, Circuit Judge, concurring:

For the reasons stated in *Rojas-Espinoza v. Bondi*, 167 F.4th 1069, 1077–78

(9th Cir. 2026) (VanDyke, J., dissenting from the grant of rehearing en banc)—and

because Petitioner showed no likelihood of success on the merits—I would not leave

the temporary stay of removal in place.