NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GERMAN MENJIVAR, AKA Jose Menjivar Guerra,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　Respondent. | No.　18-73290<br><br>Agency No. A095-138-896<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020**
Pasadena, California

Before:　M. SMITH, OWENS, and BRESS, Circuit Judges.

　　Jose German Menjivar, a native and citizen of El Salvador, seeks review of

the Board of Immigration Appeals' (BIA) final removal order dismissing his

appeal from the immigration judge's (IJ) decision denying his application for

withholding of removal and protection under the Convention Against Torture

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.　See Fed. R. App. P. 34(a)(2).

(CAT). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. We grant in part and deny in part the petition for review, and we remand.

1. The BIA erred by failing to address Menjivar's argument that the IJ committed procedural errors. On appeal to the BIA, Menjivar argued that the IJ procedurally erred by not allowing live testimony regarding his prior criminal convictions and not affording him more time to prepare his declaration. The BIA summarily affirmed the IJ's decision, thereby ignoring Menjivar's procedural arguments. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[I]t goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner."). As Menjivar argues here, remand is warranted because "the BIA errs when it fails on appeal to consider and decide claims that the IJ proceedings suffered from procedural irregularity." *Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007); *see also INS v. Ventura*, 537 U.S. 12, 16, 18 (2002) (per curiam) (applying the "ordinary 'remand' rule," pursuant to which "a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands"). Therefore, we grant the petition on this ground and remand for the BIA to consider Menjivar's procedural arguments in the first

instance.[1]

2.     Substantial evidence supports the IJ's conclusion that Menjivar is ineligible for CAT protection.[2]  Menjivar argues that Salvadoran officials were willfully blind to his kidnapping and the murders of his cousins.  *See Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 787 (9th Cir. 2004) (explaining that government acquiescence in torture inflicted by private individuals includes "willful blindness").  However, because Menjivar failed to present any evidence supporting his claim that it is more likely than not that he would be tortured with the acquiescence of Salvadoran government officials, the IJ's decision to deny Menjivar CAT relief is supported by substantial evidence.  *See* 8 C.F.R. § 1208.16(c)(2), 1208.18(a)(1); *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

---

[1]     Because we grant the petition and remand on this ground, we decline to address Menjivar's challenges to the merits of the IJ's particularly serious crime determinations.

[2]     Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency determination.  *Renteria-Morales v. Mukasey*, 551 F.3d 1076, 1081 (9th Cir. 2008).

*Menjivar v. Barr*, No. 18-73290

BRESS, Circuit Judge, concurring in part and dissenting in part:

I agree that substantial evidence supports the denial of relief under the Convention Against Torture (CAT). But I believe we should also deny Menjivar's petition requesting withholding of removal. I respectfully dissent on that issue.

The immigration judge (IJ) determined that Menjivar was ineligible for withholding of removal because he had committed several "particularly serious crime[s]." *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). The Board of Immigration Appeals (BIA) summarily affirmed. The majority grants Menjivar's petition on the ground that "[t]he BIA erred by failing to address Menjivar's argument that the IJ committed procedural errors." For this the majority relies on *Montes-Lopez v. Gonzales*, 486 F.3d 1163 (9th Cir. 2007), which held, in the context of a BIA summary affirmance, that "the BIA errs when it fails on appeal to consider and decide claims that the IJ proceedings suffered from procedural irregularity." *Id.* at 1165.

In my view, *Montes-Lopez* does not govern here. The majority states that "[o]n appeal to the BIA, Menjivar argued the IJ procedurally erred by [1] not allowing live testimony regarding his prior criminal convictions and [2] not affording him more time to prepare [a] declaration." But Menjivar barely discussed these issues in his brief to the BIA, referenced them in just a few sentences, and did

not request relief specific to the alleged procedural errors. Under the circumstances, Menjivar did not exhaust this issue before the BIA and we may not consider it. 8 U.S.C. § 1252(d)(1); *Rizo v. Lynch*, 810 F.3d 688, 692–93 (9th Cir. 2016). Indeed, it is not apparent that Menjivar asked the IJ for more time to prepare his declaration or to present live witnesses. In this court, Menjivar also does not explain why he needed additional time to prepare his declaration or which live witnesses he would have called (points he did not explain to the BIA either). *Montes-Lopez* does not require us to remand to the BIA for consideration of procedural arguments that were not properly raised there.

Although I believe *Montes-Lopez* does not apply, I also note my discomfort with that decision. The theory of *Montes-Lopez* is that when the BIA summarily affirms an IJ in the face of a procedural objection to the IJ proceedings, the BIA is "ignor[ing] arguments raised by a petitioner," requiring us to remand because "we are not permitted to decide a claim that the immigration court has not considered in the first instance." *Montes-Lopez*, 486 F.3d at 1165 (quotations omitted). This reasoning is flawed because when the BIA uses its summary affirmance procedures, it is not ignoring the petitioner's arguments.

The regulation governing summary affirmances, 8 C.F.R. § 1003.1(e)(4), provides that the BIA may summarily affirm an IJ decision without opinion

(i) . . . if the Board member determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that

> (A) The issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation; or

> (B) The factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion in the case.

*Id.* The regulation further states that a summary affirmance order "approves the result reached in the decision below; it does not necessarily imply approval of all of the reasoning of that decision, but does signify the Board's conclusion that any errors in the decision of the immigration judge or the Service were harmless or nonmaterial." *Id.* § 1003.1(e)(4)(ii). When the BIA summarily affirms, the IJ's "'decision below is, therefore, the final agency determination.'" *Id.*

Indulging the assumption that Menjivar preserved his procedural arguments before the BIA, the BIA's summary affirmance did not "ignore" Menjivar's arguments, as *Montes-Lopez* would suggest. Instead, by invoking the summary affirmance option, the BIA necessarily determined that the alleged procedural errors were "harmless or nonmaterial." 8 C.F.R. § 1003.1(e)(4).

*Montes-Lopez* did not consider the text or import of the BIA's summary affirmance regulation. Nor did *Montes-Lopez* address well-established law in this circuit that when the BIA summarily affirms, "we review the IJ's decision directly."

3

*Ngongo v. Ashcroft*, 397 F.3d 821, 823 (9th Cir. 2005). That is what the majority (correctly) does in this case in denying the petition for review on Menjivar's CAT claim. Prior to *Montes-Lopez*, we undertook the same approach for claimed procedural errors before the IJ. *See id.* at 823–24 (rejecting due process claim after BIA summary affirmance). In fact, although *Montes-Lopez* involved the alleged denial of the right to counsel at the IJ stage, 486 F.3d at 1165, we had previously *granted* a petition for review raising the same claim, directly evaluating the IJ's decision notwithstanding the BIA's summary affirmance. *See Hernandez-Gil v. Gonzales*, 476 F.3d 803, 804 n.1, 808–10 (9th Cir. 2007). Without explanation, *Montes-Lopez* did not apply that look-through framework for procedural objections.

The cases *Montes-Lopez* relied on do not support it. Those cases either did look through to the IJ's decision after a BIA summary affirmance, *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040–41 (9th Cir. 2005); involved issues the BIA did not address in non-summary decisions, *INS v. Ventura*, 537 U.S. 12, 12–18 (2002) (per curiam); *Barroso v. Gonzales*, 429 F.3d 1195, 1208 (9th Cir. 2005); or featured unexhausted claims from petitioners, *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). There is, in short, reason to question the legal basis for our decision in *Montes-Lopez*.

The rule of *Montes-Lopez* can also lead to unfortunate consequences. By the logic of that decision, petitioners can raise meritless procedural challenges before

4

the BIA and then secure a remand from this court whenever the BIA summarily affirms. This would prevent the BIA from using its more efficient summary affirmance procedures anytime a procedural objection to the IJ proceedings is raised, even though we have held that these streamlined procedures are constitutional. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir. 2003).

This case underscores some of the problems that *Montes-Lopez* causes. Menjivar illegally entered the United States in 1993, and illegally reentered in 2008, 2011, and 2013, each time after immigration proceedings led to his removal. During his time unlawfully in this country, he has been convicted of the following crimes: petty theft (1995); misdemeanor solicitation (1998); exhibition of speed (racing) (1999); misdemeanor criminal trespass (2002); misdemeanor assault and battery (of two police officers) (2002); reckless evasion of police (2002); reckless driving (2006); possession of false identification (2011); misdemeanor driving with suspended license (2011); misdemeanor DUI (2011); misdemeanor contempt of court (2013); misdemeanor driving with suspended license (2014); misdemeanor driving with suspended license (2014); second degree robbery (two convictions in 2015).

The immigration proceedings at issue here, involving a fourth removal, began in 2017. Now, after including a few lines in his brief to the BIA concerning procedural objections that he seemingly did not raise to the IJ, Menjivar succeeds in

gaining a remand to the BIA. If the BIA denies relief, Menjivar will presumably file another petition for review in this court, as is his right. *Montes-Lopez* is thus creating significant delay, where there is no apparent merit to any of Menjivar's contentions or claims for relief.

If *Montes-Lopez* were not an obstacle, I would hold that Menjivar has not demonstrated any prejudicial procedural errors in the IJ proceedings. But because I do not think *Montes-Lopez* governs here in light of Menjivar's failure to exhaust these procedural objections at the BIA, our review is limited to whether the IJ considered the appropriate factors in concluding that certain of Menjivar's offenses constituted "particularly serious crimes," rendering him ineligible for withholding of removal. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015); *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982). The IJ considered the appropriate factors here, and so I would deny the petition for review in full.